IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BREANNA BORLIE, | ) |
|            Plaintiff, | ) Civil Action No. 3:21-cv-89 |
| v. | ) Judge  Gibson |
| NEXT STEP CARE, INC., | ) JURY TRIAL DEMANDED and |
|            Defendant. | ) INJUNCTIVE RELIEF |
| | ) *Electronically Filed* |

**COMPLAINT**

AND NOW comes Plaintiff, Breanna Borlie (hereinafter referred to as "Plaintiff") by and through her attorney, David W. Kaiser, Esquire and files this Complaint against Defendant Next Step Care, Inc. (hereinafter referred to as "Defendant") and avers as follows:

**PARTIES**

1. Plaintiff, Breanna Borlie, is an individual who has resided at all times relevant hereto at 223 Twenty Row Road, Colver, Cambria County, Pennsylvania, 15927. Plaintiff has/was employed by Defendant as a residential service worker (RSW).

2. Defendant, Next Step Care, Inc. is licensed by the Commonwealth of Pennsylvania to operate a residential and community based living center at its location at 2546 William Penn Avenue in Johnstown, Cambria County, Pennsylvania 15909.

## NATURE OF THE ACTION, JURISDICTION AND VENUE

3. This is an individual action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 e, et seq. (Title VII), and the Pennsylvania Human Relations Act (P.H.R.A.), as amended, 43 P.S. §951 et seq.

4. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and 1367 (a).

5. Plaintiff resides in the City of Colver, County of Cambria, Pennsylvania; Defendant is located in the Nanty Glo, County of Cambria, Pennsylvania and the actions and policies alleged to be unlawful were committed in Johnstown, Cambria County, Pennsylvania, where Plaintiff worked for Defendant; and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania, and the venue in said Court is proper.

6. Pursuant to Title VII, Plaintiff filed a charge of discrimination against Next Step Care Inc. with the Equal Employment Opportunity Commission (EEOC) Office in Pittsburgh, Pennsylvania, alleging discrimination on the basis of her sex, sexual harassment and hostile work environment. Plaintiff has received a right to sue letter from the EEOC and is filing this Complaint in accordance with said right to sue letter in a timely manner. Therefore, Plaintiff has exhausted and complied with all administrative filings and prerequisites to the filing of this Complaint in United States District Court.

## STATEMENT OF FACTS

7. On January 8, 2021, Breanna Borlie was employed by Next Step Care Inc. as a residential service worker (RSW). Ms. Borlie's job duties included, but were not limited to, offering assistance to individuals with special needs in residential & community-based settings. RSW's provide assistance with daily activities such as meal preparation and planning; medication administration; and personal care.

8. During said date, Ms. Borlie was assigned to assist a resident namely Cody Sanner at 2546 William Penn Ave in Johnstown Pennsylvania 15909 at the direction of her employer Next Step Care Inc.

9. Although Ms. Borlie has seen and has had limited interaction with Mr. Sanner while working with other residents for Next Step Care Inc., this was Ms. Borlie's first time working directly with Mr. Sanner at the residence located at the 2546 William Penn Avenue address.

10. On said date, Ms. Borlie reported to Mr. Sanner's address as directed, however, she was there by herself with the company not assigning any other employees to assist and orient her with his residence and needs. This enabled and allowed Mr. Sanner to specifically target Ms. Borlie.

11. Shortly, thereafter she started her shift, Mr. Sanner was playing a video game on TV and told Ms. Borlie that he was going to get a new game cartridge from a box of games. Hidden in the games was a knife that Mr. Sanner used to threaten, terrorize and place against the neck of Ms. Borlie while sexually assaulting her.

12. Thereafter, he vaginally raped Ms. Bortlie multiple times, ejaculating inside of her, performing and making her perform oral sex along with cutting and scratching her neck and body.

13. Once Ms. Borlie was able to escape, the police were notified and charged Mr. Sanner the very same day with various criminal charges including rape and terroristic threats.

14. Mr. Sanner freely admitted and acknowledged that he raped Ms. Borlie without any regrets.

15. Next Step Care Inc. was aware that Mr. Sanner committed rape on at least one prior occasion. According to a portion of the police report from the investigating detective that obtained witness statements, one employee witness indicated that they had personal knowledge of Mr. Sanner and his known behavior; and warned his employer Next Step Care Inc. not to allow female employees with this individual alone.

16. Next Step Care Inc. had a sexual harassment policy in place that stated that: It is the policy of Next Step Care Inc. that all employees are responsible for ensuring that the workplace is free from sexual harassment.

17. Because of Next Step Care Inc. strong disapproval of offensive or inappropriate sexual behavior at work, all employees must avoid any action or conduct which could be viewed as sexual harassment.

18. Sexual harassment includes unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual harassing nature when the harassment has the purpose or effect of unreasonable interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

19. Any employee who has a complaint of sexual harassment at work by *anyone* (*emphasis added*), including supervisors, co-workers or visitors, should clearly inform the harasser to stop.

20. The employee Handbook states that the company follows the EEOC definition of sexual harassment which is any unwelcome sexual advances, request for sexual favors, and all other verbal or physical conduct of the sexual or otherwise offensive nature especially where the conduct has the purpose or effect of creating and intimidating hostile or offensive work environment.

21. Next Step Care Inc. created a hostile work environment and did not protect their employee Breanna Borlie of this egregious breach of the sexual harassment policy even though Next Step Care Inc. had ample warning and notice.

22. Next Step Care Inc. willfully failed to follow its own sexual harassment policy which caused Ms. Borlie pain, humiliation, embarrassment, emotional distress, loss of income, loss of future earnings, loss of future benefits and a direct adverse effect on her daily life and work environment.

## COUNT I
## DISCRIMINATION ON THE BASIS OF SEXUAL HARRASSMENT
## (TITLE VII)

23. Plaintiff hereby incorporates by reference Paragraphs 1 through 22 of this Complaint as though set out in full.

24. As a result of Next Step Inc.'s willful decision to not follow its own sexual harassment policy, Plaintiff has suffered humiliation, embarrassment, emotional distress, loss of income, loss of future earnings, loss of future benefits and a direct adverse effect on her daily work environment.

25. Next Step Inc.'s actions have created a hostile work environment, which is a form of prohibited sexual harassment under Title VII.

26. Plaintiff is seeking lost wages and benefits, loss of future earnings and benefits, compensatory damages, punitive damages, attorney's fees and costs.

27. Plaintiff is seeking damages for lost wages, lost benefits, loss of future earnings, loss of future benefits, compensatory damages, punitive damages, attorney's fees and costs.

28. Plaintiff is also seeking injunctive relief against Next Step Inc. for its failure to follow its own sexual harassment policy which expresses a zero tolerance for sexual harassment, with respect to Plaintiff and other female employees of Next Step Inc.

## COUNT II
## DISCRIMINATION ON THE BASIS OF SEX AND SEXUAL HARRASSMENT
## PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

29. Plaintiff hereby incorporates by reference Paragraphs 1 through 28 of this Complaint as though set out in full.

30. Defendant's actions as set forth above, also constitute prohibited discrimination on the basis of sex, sexual harassment and hostile work environment in violation of the Pennsylvania Human Relations Act, 43 P.S. §951 et seq.

31. Plaintiff is seeking damages for lost wages, lost benefits, loss of future earnings, loss of future benefits, compensatory damages, punitive damages, attorney's fees and costs.

32. Plaintiff is also seeking injunctive relief against Next Step Inc. for its failure to follow its own sexual harassment policy which expresses a zero tolerance for sexual harassment, with respect to Plaintiff and other female employees of Next Step Inc.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiff hereby incorporates by reference Paragraphs 1 through 32 of this Complaint as though set out in full.

34. The rape of Plaintiff by Mr. Sanner was extreme and outrageous conduct which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society. The conduct was undertaken with complete disregard of the severe emotional distress it was certain to cause, and indeed which it did in fact cause Plaintiff.

35. Next Step Care, Inc.'s corporate pattern and practice of disregarding the prior rape committed by one of its live-in residents, Mr. Sanner and ignoring, tolerating, condoning this prior violent rape/abuse resulted in the extreme and outrageous conduct which facilitated-the rape of Plaintiff-by Mr. Sanner to whom the Defendant had assigned the Plaintiff alone to care for on the date of said rape/abuse.

36. Next Step Care, Inc. breached its duty to provide safe working conditions for its employees.

37. Defendant is liable for the negligent infliction of emotional distress on Plaintiff directly caused by the violent rape.

38. As a direct and proximate result of the Defendant's negligent infliction of emotional distress on Plaintiff, she has suffered irreparable injuries which include, but are not limited to physical pain, physical injuries, fright, terror, humiliation, mental episodes, emotional instability, psychic and psychological trauma, severe anxiety, sleeplessness, nightmares and torment to this very day and beyond.

## **PRAYER FOR RELIEF**

1. WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Grant a permanent injunction enjoining Defendant, its officers, representatives, successors, assigns, and all persons in active concert or participation with them, from engaging in unlawful employment actions or practices in violation of Title VII and the P.H.R.A.

    B. Order Defendant to make Plaintiff whole by paying appropriate back pay and benefits, loss of future earnings and benefits, compensatory damages, punitive damages and other affirmative relief necessary to make Plaintiff whole.

    C. Order Defendant to pay the costs and reasonable attorneys' fees incurred by Plaintiff.

    D. Grant such other relief as the Court deems necessary and proper.

Respectfully submitted,

/s/ *David W. Kaiser*
David W. Kaiser, Esquire
Counsel for Plaintiff
Pa. Bar ID: #79789
92 East Main Street
Suite 24-A
Uniontown, PA 15401
(724)-425-1110
david.kaiser@verizon.net